UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.:

MATTHEW CAPELLI, individually, and CAPELLI CONSTRUCTION, LLC,

      Plaintiffs,

v.

DEVORE CAPITAL CONTRACTING CONSULTING, INC., a Florida corporation, and SCOTT DEVORE, individually,

      Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs MATTHEW CAPELLI ("CAPELLI") and CAPELLI CONSTRUCTION, LLC ("CAPELLI CONSTRUCTION") (collectively "Plaintiffs"), hereby sues the Defendants, DEVORE CAPITAL CONTRACTING CONSULTING, INC. ("DEVORE CAPITAL") and SCOTT DEVORE ("DEVORE") (collectively "Defendants"), and alleges as follows:

### JURISDICTION, VENUE & PARTIES

1.    This action is brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et. seq. ("FLSA"), the Florida Minimum Wage Act, Florida Statute 448.110, *et. seq.* ("FMWA"), and other applicable laws to

recover unpaid wages and/or overtime, liquidated damages, and attorneys' fees and costs owed to Plaintiffs.

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, FLSA, FMWA, other applicable laws, and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et. seq.

3. Venue is proper in the Middle District of Florida because the work performed by Plaintiffs took place in Duval County, Florida.

4. At all times material, Plaintiff CAPELLI was and is an individual and resident of Duval County, Florida.

5. At all times material, Plaintiff CAPELLI CONSTRUCTION was and is a Florida limited liability company authorized to conduct business in Florida, with its principal address located at 14701 Bartram Park Blvd., #908, Jacksonville, Florida 32258.

6. At all times material, Defendant DEVORE was and is an individual in St. Johns, County, Florida.

7. At all times material, Defendant DEVORE CAPITAL is and was a Florida corporation authorized to conduct business in Florida, with its principal address located at 4110 Southpoint Boulevard, #228, Jacksonville, Florida 32216.

## **GENERAL ALLEGATIONS**

8. CAPELLI is the sole manager member of CAPELLI CONSTRUCTION.

9. Defendant DEVORE CAPITAL is a company owned and operated by Defendant DEVORE.

10. At all times material, DEVORE was and is the CEO of DEVORE CAPITAL.

11. In that position, DEVORE exercises significant control over the operations of DEVORE CAPITAL, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

12. At all times material, DEVORE operated DEVORE CAPITAL under a fictitious name, Divici Roofing and Construction.

13. At all times material, Defendants operated as a joint enterprise and/or integrated enterprise as defined by the FLSA, FMWA, and other applicable laws.

14. At all times material, Defendants were an enterprise engaged in commerce as defined by the FLSA, FMWA, and other applicable laws in that they had employees engaged in commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or

produced for commerce. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

15. Upon information and belief, the annual gross revenue of Defendants was at all times material hereto in excess of $500,000.00 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA, FMWA and other applicable laws' coverage requirements.

16. On or about December 14, 2020, DEVORE hired CAPELLI as a Sales Representative for DEVORE CAPITAL d/b/a Divici Roofing and Construction.

17. CAPELLI'S compensation structure was memorialized in a Sales Representative Subcontractor Agreement ("Agreement") executed by CAPELLI on behalf of CAPELLI CONSTRUCTION and DEVORE on behalf of DEVORE CAPITAL d/b/a Divici Roofing and Construction. A copy of the Agreement is attached as "Exhibit A."

18. CAPELLI'S employment with Defendants ended on or about July 8, 2021.

19. Upon information and belief, during his time working for Defendants, CAPELLI earned approximately $44,787.84 in commissions pursuant to the terms of the Agreement.

20. In addition to compensation outlined in the Agreement, Defendants agreed to pay Plaintiffs for time and expenses placing emergency

roof tarps. At the time CAPELLI'S employment with Defendants ended up to the present date, Defendants failed to compensate CAPELLI for his time and effort placing at least two emergency roof tarps.

21. Notwithstanding the Agreement, the economic realities of the subject employment relationship demonstrate that Defendants hired CAPELLI as a non-exempt employee covered under the FLSA and FMWA.

22. Examples of the economic reality of the employment relationship include, but are not limited to:

    a. Defendants provided CAPELLI with office space and equipment.

    b. CAPELLI was required to utilized Defendants' email, management software systems, forms, and files.

    c. During his time working for Defendants, CAPELLI was entirely dependent on Defendants for sales leads.

    d. During his time working for Defendants, Defendants' work schedule and expectations required CAPELLI to work exclusively for Defendants.

    e. Defendants provided CAPELLI with Divici Roofing and Construction business cards.

    f. CAPELLI was required to wear Defendants' uniform with Divici Roofing and Construction logos.

      g. CAPELLI was required to attend mandatory meetings with Defendants and Defendants' other employees.

23. CAPELLI did not clock-in and out of work and Defendants did not have any accurate time-keeping method. Defendants did not pay CAPELLI with a paystub providing information about the number of days and hours worked, classification of CAPELLI'S labor, wage rate, or withholdings of taxes.

24. From December 14, 2020, to July 8, 2021, CAPELLI worked for Defendants an average of twelve (12) hours per day, six (6) days per week.

25. Defendants did not compensate CAPELLI at the rate of time and a half for every hour in excess of forty, in violation of the FLSA.

26. Defendants did not compensate CAPELLI at least minimum wage in violation of the FMWA.

27. Prior to filing this action, Plaintiffs provided notice to Defendants of Plaintiffs' unpaid wages.

28. Defendants have refused, and continue to refuse to pay the unpaid compensation claimed.

29. Plaintiffs have been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
**Breach of Written Employment Agreement against DEVORE CAPITAL**

30. Plaintiffs reallege paragraphs 1 through 29.

31. Defendant DEVORE CAPITAL breached the Agreement by failing to pay Plaintiffs the agreed upon amounts for work performed by Plaintiffs.

32. Upon information and belief, at the time of filing this Complaint, Plaintiffs are owed approximately $44,787.84 in unpaid commissions pursuant to the terms of the Agreement.

WHEREFORE, Plaintiffs CAPELLI CONSTRUCTION and CAPELLI demand judgment against Defendant DEVORE CAPITAL for the full amount of unpaid commissions due pursuant to the Agreement, reasonable attorney's fees and costs, prejudgment interest and post-judgment interest and any other relief the Court deems fair and just.

## COUNT II
### Breach of Oral Agreement against Defendants

33. Plaintiffs reallege paragraphs 1 through 29.

34. Defendants breached the parties' oral agreement to compensate Plaintiffs for time and effort placing emergency roof tarps.

35. As a result of Defendants' breach Plaintiffs have sustained damages.

WHEREFORE, Plaintiffs CAPELLI CONSTRUCTION and CAPELLI demand judgment against Defendants for breach of the parties' oral agreement

to compensate Plaintiffs for time and effort placing emergency roof tarps, prejudgment interest and post-judgment interest and any other relief the Court deems fair and just.

## COUNT III
### Violation of the FLSA Overtime Provisions against Defendant DEVORE CAPITAL

36. Plaintiff CAPELLI realleges paragraphs 1 through 29.

37. This claim is brought by CAPELLI under FLSA to recover unpaid overtime compensation owed to CAPELLI.

38. CAPELLI was an employee of Defendant DEVORE CAPITAL under the FLSA.

39. CAPELLI routinely worked in excess of forty (40) hours a work week but was not paid overtime compensation at a rate of time and one-half as required by the FLSA.

40. Defendant DEVORE CAPITAL failed to comply with the FLSA because CAPELLI was regularly required to work in excess of forty (40) hours a workweek but was not paid overtime compensation as required by the FLSA.

41. Defendant DEVORE CAPITAL'S violations of the FLSA were knowing, willful and in reckless disregard of the rights of CAPELLI.

42. Defendant DEVORE CAPITAL did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

43. Defendant DEVORE CAPITAL'S failure to pay CAPELLI overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA.

44. CAPELLI has suffered harm, including unpaid overtime compensation, as a direct result of Defendant DEVORE CAPITAL'S failure to pay him overtime compensation as required by the FLSA.

WHEREFORE, CAPELLI respectfully requests that this Court enter judgment against Defendant DEVORE CAPITAL awarding damages to CAPELLI for unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b) in the amount of unpaid overtime compensation owed, awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendant to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT IV
### Violation of the FLSA Overtime Provisions against Defendant DEVORE

45. Plaintiff CAPELLI realleges paragraphs 1 through 29.

46. This claim is brought by CAPELLI under FLSA to recover unpaid overtime compensation owed to CAPELLI.

47. CAPELLI was an employee of Defendants DEVORE CAPITAL under the FLSA.

48. Defendant DEVORE is subject to individual liability under the FLSA because he acted directly or indirectly in the interest of the DEVORE CAPITAL in relation to CAPELLI, exercised significant control over company operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

49. CAPELLI routinely worked in excess of forty (40) hours a work week but was not paid overtime compensation at a rate of time and one-half as required by the FLSA.

50. Defendant DEVORE failed to comply with the FLSA because CAPELLI was regularly required to work in excess of forty (40) hours a workweek but was not paid overtime compensation as required by the FLSA.

51. Defendant DEVORE'S violations of the FLSA were knowing, willful and in reckless disregard of the rights of CAPELLI.

52. Defendant DEVORE did not have reasonable grounds for believing that his acts were not a violation of the FLSA.

53. Defendant DEVORE'S failure to pay CAPELLI overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA.

54. CAPELLI has suffered harm, including unpaid overtime compensation, as a direct result of Defendant DEVORE'S failure to pay him overtime compensation as required by the FLSA.

WHEREFORE, CAPELLI respectfully requests that this Court enter judgment against Defendant DEVORE awarding damages to CAPELLI for unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b) in the amount of unpaid overtime compensation owed, awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendant DEVORE to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT V
### Violation of the FLSA Minimum Wage Provisions against Defendant DEVORE CAPITAL

55. Plaintiff CAPELLI realleges paragraphs 1 through 29.

56. This claim is brought by CAPELLI under FLSA to recover unpaid minimum wage compensation owed to CAPELLI.

57. CAPELLI was an employee of Defendant DEVORE CAPITAL under the FLSA. Defendants' failure to pay CAPELLI minimum wage constitutes a violation of the FLSA.

58. Defendant DEVORE CAPITAL'S violations of the FLSA were knowing, willful and in reckless disregard of the rights of CAPELLI.

59. Defendant DEVORE CAPITAL did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

60. CAPELLI has suffered harm, including unpaid minimum wage compensation, as a direct result of Defendant DEVORE CAPITAL'S failure to pay him minimum wage compensation as required by the FLSA.

WHEREFORE, CAPELLI respectfully requests that this Court enter judgment against Defendant DEVORE CAPITAL awarding damages to CAPELLI for minimum wage compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b) in the amount of minimum wage compensation owed, awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendant DEVORE CAPITAL to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT VI
**Violation of the FLSA Minimum Wage Provisions against Defendant DEVORE**

61. Plaintiff CAPELLI realleges paragraphs 1 through 29.

62. This claim is brought by CAPELLI under FLSA to recover unpaid minimum wage compensation owed to CAPELLI.

63. CAPELLI was an employee of Defendant DEVORE CAPITAL under the FLSA. Defendant DEVORE CAPITAL'S failure to pay CAPELLI minimum wage constitutes a violation of the FLSA.

64. Defendant DEVORE is subject to individual liability under the FLSA because he acted directly or indirectly in the interest of DEVORE CAPITAL in relation to CAPELLI, exercised significant control over company operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

65. Defendant DEVORE'S violations of the FLSA were knowing, willful and in reckless disregard of the rights of CAPELLI.

66. Defendant DEVORE did not have reasonable grounds for believing that his acts were not a violation of the FLSA.

67. CAPELLI has suffered harm, including unpaid minimum wage compensation, as a direct result of Defendant DEVORE'S failure to pay him minimum wage compensation as required by the FLSA.

WHEREFORE, CAPELLI respectfully requests that this Court enter judgment against Defendant DEVORE awarding damages to CAPELLI for minimum wage compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b) in the amount of minimum wage compensation owed, awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendant DEVORE to comply with the

FLSA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT VII
**Violation of the FMWA against Defendant DEVORE CAPITAL**

68. Plaintiff CAPELLI reallege paragraphs 1 through 29.

69. This claim is brought by CAPELLI under FMWA to recover unpaid minimum wage compensation owed to CAPELLI.

70. CAPELLI was an employee of Defendant DEVORE CAPITAL under the FMWA. Defendant DEVORE CAPITAL'S failure to pay CAPELLI minimum wage constitutes a violation of the FMWA.

71. Defendant DEVORE CAPITAL'S violations of the FMWA were knowing, willful and in reckless disregard of the rights of CAPELLI.

72. Defendant DEVORE CAPITAL did not have reasonable grounds for believing that their acts were not a violation of the FMWA.

73. CAPELLI has suffered harm, including unpaid minimum wage compensation, as a direct result of Defendant DEVORE CAPITAL'S failure to pay him minimum wage compensation as required by the FMWA.

74. CAPELLI has complied with the FMWA presuit notice requirement.

WHEREFORE, CAPELLI respectfully requests that this Court enter judgment against Defendant DEVORE CAPITAL awarding damages to

CAPELLI for minimum wage compensation owed, awarding liquidated damages pursuant to the FMWA in the amount of minimum wage compensation owed, awarding reasonable attorneys' fees and costs pursuant to the FMWA, awarding injunctive relief requiring Defendant DEVORE CAPITAL to comply with the FMWA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT VIII
### Violation of the FMWA against Defendant DEVORE

75. Plaintiff CAPELLI realleges paragraphs 1 through 29.

76. This claim is brought by CAPELLI under FMWA to recover unpaid minimum wage compensation owed to CAPELLI.

77. CAPELLI was an employee of Defendant DEVORE CAPITAL under the FMWA. Defendant DEVORE CAPITAL'S failure to pay CAPELLI minimum wage constitutes a violation of the FMWA.

78. Defendant DEVORE is subject to individual liability under the FMWA because he acted directly or indirectly in the interest of DEVORE CAPITAL in relation to CAPELLI, exercised significant control over company operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

79. Defendant DEVORE'S violations of the FMWA were knowing, willful and in reckless disregard of the rights of CAPELLI.

80. Defendant DEVORE did not have reasonable grounds for believing that his acts were not a violation of the FMWA.

81. CAPELLI has suffered harm, including unpaid minimum wage compensation, as a direct result of Defendant DEVORE'S failure to pay him minimum wage compensation as required by the FMWA.

82. CAPELLI has complied with the FMWA presuit notice requirement.

WHEREFORE, CAPELLI respectfully requests that this Court enter judgment against Defendant DEVORE awarding damages to CAPELLI for minimum wage compensation owed, awarding liquidated damages pursuant to the FMWA in the amount of minimum wage compensation owed, awarding reasonable attorneys' fees and costs pursuant to the FMWA, awarding injunctive relief requiring Defendant DEVORE to comply with the FMWA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT IX
### Unjust Enrichment against Defendants

83. Plaintiffs reallege paragraphs 1 through 29.

84. Plaintiffs have conferred benefits upon Defendants in the form of labor in the furtherance of Defendants' business.

85. Defendants had knowledge of the benefits of Plaintiffs' labor on Defendants' behalf.

86. Defendants voluntarily accepted those benefits conferred by Plaintiffs.

87. Defendants have not compensated Plaintiffs for the benefits conferred.

88. The circumstances are such that it would be inequitable for Defendants to retain the benefits conferred by Plaintiffs without paying the value thereof to Plaintiffs.

89. Defendants have therefore been unjustly enriched at the expense of Plaintiffs.

90. Plaintiffs are entitled to damages as a result of Defendants' unjust enrichment.

WHEREFORE, Plaintiffs CAPELLI CONSTRUCTION and CAPELLI demand judgment in their favor against Defendants DEVORE CAPITAL and DEVORE for unjust enrichment, including but not limited to his unpaid wages, attorney's fees and costs, prejudgment and post-judgment interest and all other relief the Court deems fair and just.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues.

Dated this 23rd day of May, 2022.

                         **DOUGLAS & DOUGLAS**

                         /s/ Worth A. Ellis
                         Patrick V. Douglas
                         Florida Bar No. 68639
                         Worth A. Ellis
                         Florida Bar No. 118181
                         177 NW Madison St.
                         Lake City, FL 32055
                         (386) 752-5511
                         (954) 200-6886 facsimile
                         patrick@douglasanddouglas.law
                         worth@douglasanddouglas.law
                         info@douglasanddouglas.law